IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT LYNN TAPLEY | § | |
| | § | |
| *Petitioner* | § | CIVIL ACTION NO. |
| | § | |
| VS | § | |
| | § | |
| CITY OF WINONA, TEXAS | § | |
| *Respondent* | § | |

---

## PETITIONER'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Robert Lynn Tapley, Petitioner in the above-captioned cause, make and file this Petitioner's Original Complaint complaining of and against Respondent, City of Winona, Texas. In support, Petitioner show as follows:

### I. PARTIES AND SERVICE

1.      Petitioner Robert Lynn Tapley is a citizen of the United States and the State of Texas and resides in Tyler, Smith County, Texas.

2.      Respondent City of Winona, Texas is a governmental entity doing business in the Tyler Division of the Eastern District of Texas.  Respondent may be served through its registered agent for service, **Mayor Curtis Land, Jr. at P. O. Box 129 or 110 Dallas Street in Winona, Texas 75792**.  Petitioner requests service of process by any means authorized by law.

### II. JURISDICTION

3.      The action arises under Title 42 U.S.C. § 12101 *et. seq.* as hereinafter more fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

### III.  NATURE OF ACTION

5.      This is an action under Title 42 U.S.C. § 12101 *et. seq.* to correct unlawful employment practices on the basis of disability.

### IV.  ADMINISTRATIVE REMEDIES EXHAUSTED

6.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Petitioner's Complaint is filed within ninety days of Petitioner's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

### V.  FACTUAL BACKGROUND

7.      Petitioner was employed with Defendant as the Public Utilities Director and on approximately June 9, 2017, Petitioner suffered an on-the-job injury.  While undergoing medical treatment for his work related injuries, Petitioner was diagnosed with cancer.

8.      Petitioner began chemotherapy to combat his cancer and in November of 2017 suffered a heart attack.

9.      Petitioner completed the medical treatment for his work related injury.  On February 16, 2018 Petitioner had reached Maximum Medical Improvement and was released to return to work.

10.      In early March of 2018, Petitioner informed Defendant's Mayor that he was physically ready to return to work.  The Mayor informed Petitioner that it would be necessary to consult the City Council regarding Petitioner's return to work.

11.      Following the City Council meeting, the Mayor informed Petitioner that he would need to submit a medical release/return to work form from his treating physician after his treating physician consulted with Petitioner's cardiologist and oncologist.

12.      Even though no other employee was required to submit such release/return to work form following leave due to an illness, Petitioner complied and provided the City Mayor said document on or about April 21, 2018.

13.     The following day, April 22, 2018, Petitioner was told by the City Mayor that if he agreed to resign, the City would agree to pay him for one (1) month's salary and health insurance. Petitioner refused to resign.

14.     During the City Council's June 5, 2018 meeting, the Council authorized the City Mayor to terminate Petitioner's employment.

15.     Petitioner was terminated from his employment as Public Utilities Director, even though he complied with all requests made from the City Council and City Mayor.  Petitioner offered to resume work in the department under the acting Public Utilities Director, but this offer was refused.

16.     There is no evidence that Petitioner suffered any type of medical condition that would render him unable to do his job.

## VI.  CAUSES OF ACTION

## <u>AMERICANS WITH DISABILITY ACT</u>

17.     Respondent, by and through Respondent's agents, intentionally engaged in unlawful employment practices involving Petitioner because of a perceived disability.

18.     Respondent, by and through Respondent's agents, intentionally discriminated against Petitioner in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. §12112.  The effect of these practices has been to deprive Petitioner of equal employment opportunities and otherwise adversely affect his status as an employee.

19.     At all material times, Petitioner was able to perform the essential functions of his position without accommodation.  Petitioner was merely regarded by the City Mayor and City Council as having a medical disability of the kind and type protected by the ADA.  Petitioner was discriminated against on the basis of his perceived disability.

20.     The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of the Title VII, 42 U.S.C. §2000e-5(g)(1), as incorporated by Section107(a) of the ADA, 42 U.S.C. §12117(a).

21.     Petitioner alleges that Respondent, by and through Respondent's agents, discriminated against Petitioner with malice or with reckless indifference to the protected rights of Petitioner.

## VII.  RESPONDEAT SUPERIOR AND RATIFICATION

22.     Whenever in this complaint it is alleged that the Respondent did any act or thing, it is meant that the Respondent's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Respondent or was done in the normal and routine course and scope of employment of Respondent's officers, agents, servants, employees, or representatives.

## VIII.  CONSTRUCTIVE/ACTUAL DISCHARGE

23.     Respondent made Petitioner believe he had been fired because he had suffered a medical illness.  Petitioner suffered damages for which Petitioner herein sues.

## IX. DAMAGES

24.     Petitioner sustained the following damages as a result of the actions and/or omissions of Respondent described hereinabove:

a.      All reasonable and necessary Attorney's fees incurred by or on behalf of Petitioner;

b.      Back pay from the date that Petitioner was wrongfully terminated and interest on the back pay in an amount to compensate Petitioner as the Court deems equitable and just;

c.      All reasonable and necessary costs incurred in pursuit of this suit;

d.      Emotional pain;

e.      Expert fees as the Court deems appropriate;

f.      Front pay in an amount the Court deems equitable and just to make Petitioner whole;

g.      Inconvenience;

h.      Loss of enjoyment of life;

I.      Mental anguish in the past;

j.      Mental anguish in the future; and

k.      Loss of benefits.

## X.  EXEMPLARY DAMAGES

25.     Petitioner would further show that the acts and omissions of Respondent complained of herein were committed with malice or reckless indifference to the protected rights of the Petitioner.  In order to punish said Respondent for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Petitioner also seeks recovery from Respondent for exemplary damages.

## XI.  JURY DEMAND

26.     Petitioner requests trial by jury on all claims.

## XII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner, Robert Lynn Tapley, respectfully prays that the Respondent be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Petitioner against Respondent for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to Respondent, together with interest as allowed by law; costs of court; and such other and further relief to which the Petitioner may be entitled at law or in equity.

Respectfully Submitted,


*/s/ Darren Grant*
**DARREN GRANT** *Lead Counsel*
State Bar No. 24012723
**MATTHEW B. FLANERY**
State Bar No. 24012632
**GRANT & FLANERY, P.C.**
216 W. Erwin, Suite 200
Tyler, Texas 75702
Darren@GFTexas.com
(903) 596-8080 (Telephone)
(903) 596-8086 (Facsimile)

**ATTORNEYS FOR THE PETITIONER**